**IMG-101**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1588
_____

DIEGO ANTONIO SACOTO-RIVERA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-241-106)
Immigration Judge:  Honorable Dorothy Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 22, 2012
Before:  SLOVITER, GREENAWAY, JR., AND COWEN, Circuit Judges

(Opinion filed: August 22, 2012)
_____

OPINION
_____

PER CURIAM

Diego Sacoto-Rivera petitions for review of a decision of the Board of

Immigration Appeals (BIA).  For the reasons below, we will deny the petition for review.

1

Sacoto-Rivera, a native of Ecuador, entered the United States in December 2001 as a visitor. In December 2008, he was charged as removable for overstaying his admission period. He conceded removability and applied for withholding of removal and relief under the Convention Against Torture (CAT) and the United Nations Convention Against Transnational Organized Crime. He alleged that he feared a Ecuadorean smuggling group which was involved with a former ICE agent, Pedro Cintron, who pleaded guilty to receiving a gratuity as a public official. Sacoto-Rivera contended that his wife was smuggled into the United States by this group and had "denounced" the leader of the group, a man named "Dr. Zumba." After a hearing, an Immigration Judge (IJ) denied relief. Sacoto-Rivera appealed and filed a motion to remand.

The BIA dismissed the appeal and denied the motion to remand. It determined that despite his credible testimony, Sacoto-Rivera had not shown a clear probability that he would be persecuted based on a protected ground. The BIA found unsatisfactory Sacoto-Rivera's explanation that his wife did not testify at his immigration hearing because she was pregnant. The BIA concluded that Sacoto-Rivera's torture claim was speculative. The BIA denied his motion to remand, concluding that he had not submitted any material evidence that was unavailable at the time of his hearing. Sacoto-Rivera filed a petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We may not reverse the BIA's decision unless the record evidence would compel a reasonable fact-finder to conclude

2

that Sacoto-Rivera had met his burden. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). To establish eligibility for withholding of removal, Sacoto-Rivera needed to demonstrate that it was more likely than not that his life or freedom would be threatened in Ecuador on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, he needed to demonstrate that it is more likely than not that he would be tortured if removed to Ecuador. 8 C.F.R. § 1208.16(c)(2).

Sacoto-Rivera argues that he provided adequate corroboration for his claims for withholding of removal and CAT relief. The BIA concluded that, although credible, he did not meet his burden of proof for relief. The BIA may require credible applicants to supply corroborating evidence. See Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001). Under 8 U.S.C. § 1252(b)(4), we may not reverse a determination made with respect to the availability of corroborating evidence unless a reasonable trier of fact would be compelled to conclude that such evidence is unavailable. The BIA rejected Sacoto-Rivera's explanation that his wife, who was sitting outside the courtroom, could not testify because she was pregnant. Thus, a witness who could purportedly give corroborating testimony was available but Sacoto-Rivera declined to call her.[1]

---

[1] Sacoto-Rivera argues that the Government has the responsibility to provide evidence to support his claim instead of requiring his pregnant wife to testify without an

Sacoto-Rivera asserts that he submitted evidence from his wife's removal proceedings as corroboration. He contends that his testimony was corroborated by the IJ's and BIA's decisions in his wife's proceedings. However, the IJ in his wife's case concluded that she had not met her burden on proof. A.R. at 303. The BIA agreed and also concluded that her allegations concerning money paid to undercover ICE agents were not relevant. A.R. at 291.

Sacoto-Rivera has not shown that the record compels a finding that his evidence was sufficient to support his claim for withholding without corroboration. Given that his testimony consisted mostly of his recounting hearsay statements made by his wife, it was not unreasonable for the BIA to expect corroboration of his claims. Sacoto-Rivera has also not shown that the record compels a finding that he will be tortured if removed to Ecuador.

With respect to his claim pursuant to the United Nations Convention Against Transnational Organized Crime, he has not shown that he falls within the scope of its protection. The Convention provides for protection for witnesses in criminal proceedings concerning covered offenses or victims of those offenses. A.R. at 334-35. Sacoto-Rivera does not allege that he has been a victim or witness in any criminal proceedings covered by the Convention.

Next, Sacoto-Rivera argues that the IJ should have compelled the Government to

_____

acknowledgement that the testimony she gives will be protected. Brief at 19. However,

4

disclose any evidence that could corroborate his claim. However, he does not explain

why he could not have obtained any such information on his own. He did not ask the IJ to

compel the Government to provide any information, and his counsel admitted that

"[w]e're just speculating as to whether this was a sting operation, or it involved, you

know, corrupt Immigration Officials, you know, with regards to the money, for example,

that the respondent went and deposited so that his wife could be released." A.R. at 191.

He did not explain how such evidence would support his claim, and his counsel conceded

that the evidence may not be relevant.

> I think there's a part of the puzzle that only the Government would have,
> which is what was the Immigration Officers [sic] roles in smuggling the
> wife into the country. That's basically it. Whether it's relevant? Whether
> you determine whether we have the information or not, it's not relevant,
> than that's fine. But I just think that that's something that we can't provide,
> you know, what exactly happened with the Immigration Officers.

A.R. at 192. In response, the IJ noted that Sacoto-Rivera could have his wife testify. The

Government noted that his wife could make a FOIA request for documents in her file.

Neither the IJ nor the BIA erred in failing to compel the Government to produce any

evidence.

Finally, Sacoto-Rivera contends that the BIA should have remanded his case to be

consolidated with his wife's immigration proceedings. A motion to remand is the

functional equivalent of a motion to reopen. Korytnyuk v. Ashcroft, 396 F.3d 272, 282

(3d Cir. 2005). We review the denial of a motion to reopen for an abuse of discretion.

---

Sacoto-Rivera never asked for any protection for his wife's testimony.

Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). The BIA noted that Sacoto-Rivera had not submitted any material evidence that was not available at the time of his hearing. Sacoto-Rivera merely repeats his argument that the Government should be compelled to produce corroborative evidence. The BIA did not abuse its discretion in denying the motion to remand.

For the above reasons, we will deny the petition for review.