**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2644
_____

DIEGO ANTONIO SACOTO RIVERA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review
from the Board of Immigration Appeals
BIA-1 No. A094-241-106
Immigration Judge: Dorothy Harbeck
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 2, 2020

Before: SMITH, *Chief Judge*, HARDIMAN and KRAUSE, *Circuit Judges*

(Opinion Filed:  March 5, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Diego Sacoto-Rivera petitions for review of a decision by the Board of Immigration Appeals (BIA). For the reasons that follow, we will deny the petition.

I.

Sacoto-Rivera, a native of Ecuador, entered the United States in 2001 and overstayed his admission period. He was charged as removable in 2008, and the BIA ultimately ordered his removal. In August 2012, this Court denied his petition for review of the BIA's final order of removal. *See Sacoto-Rivera v. Att'y Gen.*, 499 F. App'x 148, 150 (3d Cir. 2012).

More than five years later, Sacoto-Rivera moved to reopen his immigration proceeding. On May 29, 2018, the BIA denied the motion because it did not demonstrate exceptional circumstances and because it was untimely filed and not subject to equitable tolling. Sacoto-Rivera did not petition this Court for review.

Instead, on June 28, 2018, Sacoto-Rivera submitted to the BIA a motion to reconsider the order denying reopening. The BIA rejected Sacoto-Rivera's motion for failure to include a certificate of service. *See* 8 C.F.R. § 1003.2(g)(1) (requiring proof of service). The BIA's rejection notice stated, *inter alia*, that the rejection "DOES NOT EXTEND THE ORIGINAL STRICT TIME LIMIT" and

2

instructed that a corrected motion "should include a request that the Board accept the motion by certification." AR 50;[1] *see* 8 C.F.R. § 1003.1(c) (regarding certification). The notice further specified that "[t]he Board will consider whether to certify each request in the exercise of discretion." AR 50*.*

Sacoto-Rivera re-sent the motion with a certificate of service on July 20, 2018, "respectfully request[ing] to honor the date of the initial filing of this motion" but making no request to accept the motion by certification. AR 49. The BIA received the motion on July 24, 2018. On June 20, 2019, the BIA denied the motion as untimely filed and because it "fail[ed] to indicate any error in law or fact, or argument that was overlooked, in our prior decision." JA 7.

Sacoto-Rivera timely filed this petition for review.

II.

We have jurisdiction to review the BIA's order denying the motion to reconsider pursuant to 8 U.S.C. § 1252(a). *See Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005). We review such an order for abuse of discretion. *Id.* We will disturb the BIA's decision if it was "arbitrary, irrational, or contrary to law." *Id.*

---

[1] "AR" refers to the Administrative Record, while "JA" refers to the Joint Appendix.

## A.

The BIA determined that the motion to reconsider "d[id] not demonstrate that [Sacoto-Rivera] qualifies for any exception to the time and number filing requirements imposed on motions to reconsider." JA 6; *see* 8 C.F.R. § 1003.2(b)(2) ("A motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision. . . . A party may file only one motion to reconsider any given decision."). Sacoto-Rivera claims this constitutes an abuse of discretion. Although he concedes he did not file a compliant motion to reconsider until after the thirty-day filing period had expired, he argues that the motion "was timely submitted but for the oversight regarding the certificate of service which was cured in an expeditious manner and in accordance with the Board's instructions." Pet'r Br. 30.

Sacoto-Rivera did not request the BIA to accept the untimely motion by certification, and even if he had, the BIA retained the discretion to deny it. *See* AR 50. Sacoto-Rivera has failed to demonstrate that the BIA's timeliness determination is "arbitrary, irrational, or contrary to law." *See Borges*, 402 F.3d at 404.

Moreover, the BIA also concluded that the motion to reconsider lacked

merit. The BIA determined Sacoto-Rivera's motion reiterated arguments that the BIA had rejected in its denial of reopening and did not establish errors of fact or law warranting reconsideration. *See* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision."). Sacoto-Rivera offers no basis to disturb this aspect of the BIA's decision.

Accordingly, the denial of the motion was not an abuse of discretion.

## B.

Sacoto-Rivera's remaining claims concern the denial of his motion to reopen. Sacoto-Rivera did not file a petition for review of that decision, however, so that decision is not before us. *See* 8 U.S.C. § 1252(b)(1) (a "petition for review must be filed not later than 30 days after the date of the final order of removal"); *Stone v. INS*, 514 U.S. 386, 398 (1995) (motion to reconsider does not toll running of filing period for review of BIA's underlying removal order); *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012) ("An adverse BIA decision on the merits (and accompanying order of removal) and a BIA order denying a motion to reconsider are two separate final orders." (citation omitted)). Sacoto-Rivera's claims concerning the motion to reopen therefore will not be considered.

## III.

For the foregoing reasons, the petition for review will be denied.